UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **BRETT GAINES,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:25-cv-00167-HAB-ALT |
| **UNITED OF OMAHA LIFE INSURANCE COMPANY,** | ) ) ) ) |
| Defendant. | ) ) ) |

## **OPINION AND ORDER**

On August 11, 2025, Defendant United of Omaha Life Insurance Company filed a motion to vacate (ECF 19) the Court's Scheduling Order (ECF 17) entered on June 11, 2025, contending that discovery is not warranted in this matter.[1] Plaintiff Brett Gaines filed a response in opposition to the motion, and in support of discovery, on August 15, 2025. (ECF 20).[2] Defendant did not file a reply and the time to do so has since passed. *See* N.D. Ind. L.R. 7-1(d)(3).

At the outset the Court notes that while Defendant's motion is framed as a motion to vacate and fails to assert any case law signaling the appropriate reconsideration standard—as a practical matter—it is a motion to reconsider.[3] *See Terry v. Spencer*, 888 F.3d 890, 892 (7th Cir.

---

[1] In the alternative Defendant seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c). (ECF 19 ¶ 8).

[2] In the alternative Plaintiff seeks a protective order. (*See id.*). However, embedding a motion within a brief is in violation of Northern District of Indiana Local Rule 7-1(a), and thus, the requested alternative relief will be denied. *See, e.g., Cartwright v. Kingston Residence of Fort Wayne* LLC, No. 122CV00360HABSLC, 2023 WL 3675885, at *2 (N.D. Ind. May 25, 2023) ("[A] party cannot embed a motion within a response brief, as motions must be filed separately." (alteration in original) (citation omitted)).

[3] "When lawyers file motions to 'reconsider' orders that resolve claims but do not create appealable judgments, courts will treat those motions as made under Federal Rule of Civil Procedure 54(b)." Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 54:17 (June 2025), https://1.next.westlaw.com/Document/Ia290f8bb45f111f0a96088af0f42a95b/View/FullText.html?ppcid=91983e316a4a4ecfa3e788aa3363e171&originationContext=documenttoc&transitionType=CategoryPageItem&contextData=%28sc.Category%29 (last visited Sept. 18, 2025).

2018) ("[A] district judge may reconsider an interlocutory order at any time before final judgment."); *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012) ("Federal Rule of Civil Procedure 54(b) provides that non-final orders 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" (citations omitted)). As one district court has explained:

> While motions to reconsider are permitted, . . . they are disfavored. Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F.Supp.2d 704, 707 (N.D.Ill.2006) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus.*, Inc., 90 F.3d 1264, 1269 (7th Cir.1996)). A manifest error of law or fact under this standard occurs when a district court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990). A party asserting such an error bears a heavy burden, and motions for reconsideration "are not at the disposal of parties who want to 'rehash' old arguments." *Zurich Capital Mkts., Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005)

*Patrick v. City of Chicago,* 103 F. Supp. 3d 907, 911-12 (N.D. Ill. 2015). Again, Defendant does not explicitly indicate to the Court which reason for reconsideration is on point here. However, the Court surmises, as evidenced in the motion to vacate, that Defendant believes the decision to allow discovery in this matter was erroneous. (*See* ECF 19 ¶¶ 4, 6) (stating "Magistrate Judge Collins entered a Scheduling Order on June 11, 2025" and the "Scheduling Order should be vacated because discovery is not necessary or appropriate in this ERISA matter and is contrary to ERISA's administrative and functional purposes." (citations omitted)).[4] Yet, Defendant's *de facto* request for reconsideration is belied by this Circuit's jurisprudence precluding such relief.

---

[4] "The Employee Retirement Income Security Act of 1974 (ERISA) is a federal law that sets minimum standards for most voluntarily established retirement and health plans in private industry to provide protection for individuals in these plans." Department of Labor, Employee Retirement Income Security Act (ERISA), https://www.dol.gov/general/topic/retirement/erisa (last visited Sept. 16, 2025).

To explain, the Court has not "patently misunderstood a party, or . . . made a decision outside the adversarial issues presented to the Court by the parties, or  . . . made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). Nor has Defendant contended that there was "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id*. Simply put, Defendant's motion is replete with a "rehashing [of] previously rejected arguments [and] argu[ments] . . . that could have been heard during the pendency of the previous motion." *BioConvergence LLC v. Attariwala*, No. 1:19-CV-01745-SEB-MG, 2023 WL 3570043, at *1 (S.D. Ind. May 19, 2023) (citation omitted).

Specifically, Defendant's motion to vacate fails to illustrate an appreciation of the fact that Judge Collins was allotted discretion in allowing discovery. *See Ehas v. Life Ins. Co. of N. Am., No.* 12 C 3537, 2012 WL 5989215, at *10 (N.D. Ill. Nov. 29, 2012) ("[D]istrict courts have discretion to permit discovery to explore issues of disability and entitlement to benefits that may help them in making an independent and informed judgment . . . ." (citations omitted)). Consequently, the motion to vacate is not well taken and will be denied with prejudice.

Relatedly, Defendant fails to specify which of Plaintiff's discovery requests should be restricted under its requested protective order in the alternative. (*See* ECF 19). Instead, Defendant rather perfunctorily complains that Plaintiff seeks "conflict of interest discovery" and "statistical data on, *inter alia*, the number of claims reviewed by certain medical and vocational professionals and the outcome of those claims from 2021 through 2024." (ECF 19 ¶ 11-12). This will not suffice. "When a party has more than ample opportunity to present an argument but raises it in a perfunctory manner, it should not expect more than perfunctory consideration from

3

the district court." *Williams v. Dieball*, 724 F.3d 957, 963 (7th Cir. 2013) (citation omitted). Resultingly, Defendant's motion for a protective order will be denied without prejudice.

In conclusion the Court:

- DENIES WITH PREJUDICE Defendant's motion to vacate (ECF 19);

- DENIES WITHOUT PREJUDICE Defendant's motion, in the alternative, for a protective order (ECF 19); and

- DENIES Plaintiff's attempted motion for a protective order (ECF 20).

SO ORDERED.

Entered this 18th day of September 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge

4